# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| FREDERICK WILLIAM THORNTON, III, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 15-0581-CV-W-ODS-P |
| | ) |
| RONDA PASH, | ) |
| | ) |
| Respondent. | ) |

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING THE ISSUANCE OF A CERTIFICATE OF APPEALABILITY

Petitioner, Frederick William Thornton, III, filed this pro se habeas corpus petition pursuant to 28 U.S.C. § 2254 on July 27, 2015, seeking to challenge his 2011 conviction and sentence for felony murder in the second degree, which was entered in the Circuit Court of Dekalb County, Missouri, after he pleaded guilty to that offense.

Petitioner asserts two (2) grounds for relief: (1) that plea counsel was ineffective for advising petitioner that he could withdraw his guilty plea if the court's sentence exceeded 20 years' imprisonment; and (2) that plea counsel was ineffective for failing to object during petitioner's plea hearing. Respondent contends that Ground 1 is without merit and that Ground 2 is procedurally defaulted.

## FACTUAL BACKGROUND

On appeal from denial of petitioner's Mo. Sup. Ct. Rule 24.035 post-conviction relief motion, the Missouri Court of Appeals, Western District, summarized the facts of the case:

> In September 2011, Thornton was charged by first amended information with second-degree felony murder, armed criminal action, driving while intoxicated-aggravated offender, and leaving the scene of an accident. Thornton pleaded guilty to felony murder and DWI-aggravated offender pursuant to a plea agreement in which the prosecutor agreed to *nolle prosequi* the charges of armed

criminal action and leaving the scene of a motor vehicle accident and to recommend a cap of punishment at 20 years for felony murder and 5 or 6 years for DWI-aggravated offender.

At the plea hearing, Thornton admitted the following factual basis for the plea. On January 28, 2011, Thornton was driving his truck in Cameron while intoxicated when he ran a red light at an intersection and collided with the vehicle driven by Laura Fisher. Ms. Fisher died as a result of the crash. Thornton fled the scene but was quickly apprehended. A breathalyzer test showed Thornton's blood alcohol content was .215. Thornton had three previous driving while intoxicated convictions, the latest for which he was on probation at the time of the accident.

Thornton expressed his understanding of his numerous rights and his waiver of them. He testified that he felt he had been treated fairly by law enforcement and that he had no complaints about his attorney's representation of him. He further stated that he had not been threatened or coerced to plead guilty and had not been promised anything other than the State's recommendation. Thornton then expressed his understanding of the range of punishment:

> THE COURT: What are the range of penalties on each count, [Prosecutor]?
>
> PROSECUTOR: Your Honor, on Count 1 [felony murder] it's up to life which is imputed at 30 years; and then on Count 3 [DWI-aggravated offender] it's up to 7 years in the Department of Corrections, up to 1 year in the county jail, up to $5000 fine or any combination of incarceration and fine.
>
> THE COURT: Is that your understanding, [Defense Counsel]?
>
> DEFENSE COUNSEL: Yes, sir.
>
> THE COURT: All right. Mr. Thornton, do you understand that is the range of penalties?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Do you understand that those can be run consecutive?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: And have you discussed all of that, those prison terms could be run consecutively, have you discussed all that with your attorney?
>
> THE DEFENDANT: Yes, sir.

THE COURT: And you fully understand that?

THE DEFENDANT: Yes, sir.

THE COURT: Do you have any questions about that?

THE DEFENDANT: No, sir.

Thornton offered into evidence a petition to enter plea of guilty in which he stated the factual basis for his plea, "I drove while intoxicated, causing the death of Laura Fisher." Paragraph 19 of the petition read:

I OFFER MY PLEA OF GUILTY FREELY AND VOLUNTARILY AND OF MY OWN ACCORD AND WITH FULL UNDERSTANDING OF ALL THE MATTERS SET FORTH IN THE INFORMATION AND IN THIS PETITION, AND I FURTHER UNDERSTAND THE COURT DOES NOT HAVE TO ACCEPT THE RECOMMENDATION OF THE PROSECUTING ATTORNEY, AND THAT THE COURT MAY ASSESS A PUNISHMENT GREATER OR LESSER THAN THAT RECOMMENDATION BY THE PROSECUTING ATTORNEY.

Paragraph 8 read, "I know if I plead GUILTY, there will be no trial either before a Court or jury, and the Court may impose the same punishment as if I had pleaded NOT GUILTY, stood trial and had been convicted by a jury." Thornton testified that he signed each page of the petition indicating that he understood everything on each page and that he understood the petition's terms entirely.

The following colloquy then occurred regarding the nature of the plea agreement and Thornton's inability to withdraw his plea:

THE COURT: Do you understand that if the Court accepts the plea here today that this would forever and finally determine your guilt of this felony offense and you could not come back if you decide this was an unwise decision and withdraw your plea?

THE DEFENDANT: Yes, sir.

THE COURT: You understand that if the Court accepts your plea of guilty here today that you will not be able to withdraw your plea if the Court does not follow the recommendation of the State. Do you understand that?

THE DEFENDANT: Yes, sir.

> THE COURT: Do you further understand the Court has available to it the full range of punishment up to and including life on Count 1, and 7 years on…Count 3…and those could be consecutive; do you understand that?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: And that if you're given more punishment than the recommendation you could not withdraw your plea; do you understand that?
>
> THE DEFENDANT: Yes, sir.
>
> The plea court found that Thornton's pleas of guilty were made freely and voluntarily with an understanding of the rights he was waiving, that a factual basis for the pleas existed, and that Thornton was guilty of second-degree felony murder and DWI-aggravated offender.
>
> At sentencing, the defense asked for a 10-year sentence for felony murder with a consecutive term of 5 years for the DWI. It also requested concurrent sentencing with the previous DWI sentence (4 years) that would be executed as a result of the probation violation.
>
> Pursuant to the plea agreement, the prosecutor requested a 20-year sentence for the felony murder, 5 years for the DWI, and that all of the sentences including the previous DWI sentence be run consecutively for a total of 29 years. The prosecutor also dismissed the armed criminal action and leaving the scene of an accident counts.
>
> The court sentenced Thornton to 25 years in prison for felony murder and 5 years in prison for DWI-aggravated offender. It revoked Thornton's probation and executed the 4-year sentence for the previous DWI and ordered all of the sentences to run consecutively.

Respondent's Exhibit G, pp. 2-5.

Before the state court findings may be set aside, a federal court must conclude that the state court's findings of fact lack even fair support in the record. Marshall v. Lonberger, 459 U.S. 422, 432 (1983). Credibility determinations are left for the state court to decide. Graham v. Solem, 728 F.2d 1533, 1540 (8th Cir. en banc), cert. denied, 469 U.S. 842 (1984). It is petitioner's burden to establish by clear and convincing evidence that the state court findings are

erroneous. 28 U.S.C. § 2254(e)(1).[1] Because the state court's findings of fact have fair support in the record and because petitioner has failed to establish by clear and convincing evidence that the state court findings are erroneous, the Court defers to and adopts those factual conclusions.

## **GROUND 1 – INEFFECTIVE ASSISTANCE OF PLEA COUNSEL**

Petitioner contends that he received ineffective assistance of plea counsel because plea counsel incorrectly explained the plea agreement to petitioner. Specifically, petitioner contends that plea counsel incorrectly advised petitioner that he could withdraw his guilty plea if the judge's sentence exceeded the prosecution's recommended sentence of 20 years' imprisonment for second-degree murder.

In order to succeed on a claim of ineffective assistance of plea counsel, petitioner must show that counsel's representation fell below an objective standard of reasonableness, and "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985). Reasonably effective assistance of counsel may be defined as the skill and diligence that a reasonably competent attorney would exercise under similar circumstances. See, e.g., Strickland v. Washington, 466 U.S. 668, 687-90 (1984).

"Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction . . . ." Id. at 689. "A fair assessment of attorney performance requires that every effort be made to eliminate the

---

[1] In a proceeding instituted by an application for writ of habeas corpus by a person in custody pursuant to a judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by "clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Id. There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. This Court may not grant habeas relief unless the state court's decision "was contrary to, or an unreasonable application of, the standard articulated by the [United States] Supreme Court in Strickland." Owens v. Dormire, 198 F.3d 679, 681 (8th Cir. 1999), *cert. denied*, 530 U.S. 1265 (2000).

"A court considering a claim of ineffective assistance of counsel must apply a 'strong presumption' that counsel's representation was within the 'wide range' of reasonable professional assistance." Harrington v. Richter, 131 S. Ct. 770, 787 (2011) (quoting Strickland, 466 U.S. at 689). Petitioner must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687.

The Missouri Court of Appeals, Western District, denied petitioner's claim, as follows:

> If a conviction is entered based on a guilty plea, however, any claim for ineffective assistance of counsel is immaterial except to the extent that it impinges upon the voluntariness and knowledge with which the plea was made. Stanley, 420 S.W.3d at 548. "Mistaken beliefs about sentencing affect a defendant's ability to knowingly enter a guilty plea if the mistake is reasonable and the mistake is based upon a positive representation upon which [he] is entitled to rely." Dobbins v. State, 187 S.W.3d 865, 866 (Mo. banc 2006). "If a defendant is misled or induced to enter a plea of guilty by fraud, mistake, misapprehension, coercion, duress or fear, then the defendant should be permitted to withdraw the plea." Id. at 867. To satisfy the prejudice requirement following a guilty plea, a movant must show that, but for counsel's errors, he would not have pleaded guilty and would have insisted on a trial. Stanley, 420 S.W.3d at 548. "To obtain an evidentiary hearing on a Rule 24.035 motion, the movant must (1) allege facts, not conclusions, warranting relief, (2) raising matters not refuted by the files and the record, and (3) showing that the matters raised resulted in prejudice." Stanley, 420 S.W.3d at 549.

Thornton's first four points involve the performance prong of the test for ineffective assistance of counsel and his fifth and sixth points concern the prejudice prong. It is unnecessary to address plea counsel's competency because Thornton failed to establish prejudice. The Missouri Supreme Court recently decided a case similar to this one in Stanley v. State, 420 S.W.32d 532 (Mo. banc 2014). In Stanley, the defendant pleaded guilty to two counts of failure to register as a sex offender pursuant to a plea agreement with the State. Id. at 536. The maximum punishment on each count was four years imprisonment—or eight years imprisonment total if served consecutively. Id. The prosecutor promised to recommend a sentence of three years imprisonment on each charge, served concurrently, leaving the defendant free to ask the court for probation, and the prosecutor fulfilled that promise at sentencing. Id. The court did not follow the recommendation and instead imposed two four-year sentences to run consecutively for the maximum eight-year sentence. *Id.* Thereafter, the defendant filed a Rule 24.035 motion for postconviction relief alleging, among other things, that plea counsel was ineffective for failing to adequately explain to him that the court was free to reject the plea agreement and impose a longer sentence. *Id.* at 538-39. The motion court denied the defendant's claim without an evidentiary hearing finding that the transcript of the plea colloquy refuted his claim. *Id.* at 539.

The Missouri Supreme Court affirmed finding that even if plea counsel was deficient for failing to provide an adequate explanation of the nonbinding nature of the plea agreement, the record refuted any claim that the defendant was prejudiced because the court provided him with an adequate explanation and assured that his guilty pleas were entered knowingly, voluntarily, and intelligently. *Id.* at 549. The Court noted that during the plea hearing, the plea court explained to defendant that it could impose the maximum penalty of eight years if he pleaded guilty; the plea court explained the charges and the defendant admitted supporting facts; the defendant affirmed the truth of a signed plea petition, which stated that the maximum sentence that the court could impose was four years imprisonment for each count and that the sentence was a matter within the court's control; and the plea colloquy tracked the requirements of Rule 24.02 governing pleas. *Id.* at 549-50.

While Stanley involved a claim of failing to adequately explain a plea agreement rather than affirmative misadvice about the plea agreement as in this case, its rationale is nevertheless applicable here. In either case, where the plea court corrects or clarifies inadequate or incorrect advice by counsel and the defendant acknowledges his understanding of the court's admonishments, the defendant is not prejudiced. Eighth Circuit precedent further supports such analysis. In *United States v. Quiroga*, 554 F.3d 1150, 1155 (8th Cir. 2009), the Eighth Circuit cited "abundant circuit precedent holding that inaccurate advice of counsel about the sentencing guidelines or likely punishment does not render involuntary a defendant's decision to plead guilty, so long as the defendant is

informed of the maximum possible sentence permitted by statute and the court's ability to sentence within that range." *See also Sangster v. United States*, 2011 WL 5374664 at *5 (E.D. Mo. 2011)("Generally, a movant cannot show he was prejudiced by counsel's inaccurate sentencing advice if, before pleading guilty, he was informed of the maximum possible sentence and the court's ability to sentence within that range.").

In this case, even assuming plea counsel misadvised Thornton that he would not receive a sentence longer than the prosecutor's recommendation and that if he did, he could withdraw his guilty plea, the record refutes any claim that Thornton was prejudiced because the plea court provided admonishments that corrected the advice of counsel and Thornton expressed an understanding of those admonishments. After assuring that Thornton understood English, was not under the influence of drugs or alcohol, and was in good physical and mental health, the plea court explained the numerous rights he would waive by pleading guilty. It then reviewed the range of punishment for the charges and explained that it could sentence him up to life imprisonment for felony murder and seven years imprisonment for DWI-aggravated offender and that the prison terms could run consecutively. The plea court then explained the nature of the plea agreement and Thornton's inability to withdraw his plea. Specifically, the court stated that if it did not follow the prosecutor's recommendation and if he were given more punishment than the recommendation, Thornton would not be able to withdraw his plea. Thornton expressed his understanding of all of the court's admonishments. Furthermore, Thornton acknowledged that he signed a written petition indicating that he understood everything on each page and the petition's terms entirely. The petition contained the maximum term of life imprisonment for felony murder. Another paragraph of the petition specifically stated that Thornton understood that the court did not have to accept the prosecutor's recommendation and that it may assess punishment greater or lesser than the recommendation. The plea court found that Thornton was guilty of the charges and that his pleas of guilty were made freely and voluntarily. The motion court did not clearly err in denying Thornton's Rule 24.035 motion for postconviction relief because he was not prejudiced by plea counsel's alleged misadvice. The points are denied.

Respondent's Exhibit G, pp. 7-10.

The decision of the Missouri Court of Appeals is reasonable and therefore is entitled to deference under § 2254(d). The resolution of Ground 1 by the state court did not result in "a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or in "a decision that was

based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1) and (2) (as amended April 24, 1996), as defined by the Supreme Court in Williams v. Taylor, 529 U.S. 362, 412 (2000).[2]  Applying the Strickland standard of review to the facts as set forth in the record, the Court finds that counsel was not ineffective.

Ground 1 will be denied.

## GROUND 2 – PROCEDURAL DEFAULT

In Ground 2, petitioner contends that plea counsel was ineffective for failing to object during petitioner's plea hearing.  Respondent contends that Ground 2 is procedurally defaulted.

In Coleman v. Thompson, 501 U.S. 722 (1991), the Supreme Court held:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

Id. at 750.  Cause, actual prejudice, and the probability of a "fundamental miscarriage of justice" are to be judged under criteria set out in Wainwright v. Sykes, 433 U.S. 72 (1977), and Murray v. Carrier, 477 U.S. 478 (1986).  Coleman, 501 U.S. at 748-50.

A review of the record shows that petitioner did not raise Ground 2 on appeal from the denial

---

[2] According to the concurrence of Justice O'Connor, joined by four other members of the Court, "under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts.  Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Williams, 529 U.S. at 413, 120 S.Ct. at 1523.

of his amended Rule 24.035 post-conviction relief motion. Therefore, Ground 2 is procedurally defaulted and may not be reviewed by this Court unless petitioner can demonstrate cause and actual prejudice, or that failure to consider his claims will result in a fundamental miscarriage of justice. Coleman, 501 U.S. at 750. The Court will not reach the "prejudice" component of the analysis unless it first finds that the petitioner has demonstrated "cause" for his procedural default.

Petitioner does not present any valid explanation for why this ground was not pursued on appeal from the denial of his Rule 24.035 motion and, therefore, has failed to demonstrate cause for his procedural default. As a result, we do not consider prejudice. The Court, however, can still reach the merits of his claim if petitioner can show that he is "probably actually innocent" of the crime for which he was convicted. Bowman v. Gammon, 85 F.3d 1339, 1346 (8th Cir. 1996), cert. denied, 520 U.S. 1128 (1997). To demonstrate his innocence, petitioner must satisfy a two-part test: First, he must support his allegations of constitutional error "with new reliable evidence. . . that was not presented at trial." Second, he must establish "that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." Id., citing Schlup v. Delo, 513 U.S. 298 (1995). Petitioner fails to make this showing.

Petitioner has failed to show cause for his default of Ground 2. He does not show that a manifest injustice will occur if this ground is not reviewed on the merits, and he has failed to meet the Schlup standard for actual innocence. Id. Therefore, federal review of Ground 2 is barred.

Ground 2 will be denied.

### CERTIFICATE OF APPEALABILITY

Under 28 U.S.C. § 2253(c), the Court may issue a certificate of appealability only "where a petitioner has made a substantial showing of the denial of a constitutional right." To satisfy this standard, a petitioner must show that a "reasonable jurist" would find the district court ruling

on the constitutional claim(s) "debatable or wrong." Tennard v. Dretke, 542 U.S. 274, 276 (2004). Because petitioner has not met this standard, a certificate of appealability will be denied. See 28 U.S.C. § 2254, Rule 11(a).

Accordingly, it is **ORDERED** that:

(1) the petition for writ of habeas corpus is **DENIED**;

(2) this case is **DISMISSED** with prejudice; and

(3) a certificate of appealability is **DENIED**.

 /s/ *Ortrie D. Smith*  
ORTRIE D. SMITH  
UNITED STATES DISTRICT JUDGE

Kansas City, Missouri,

Dated:  November 24, 2015 .